# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV316-C

| | |
|---|---|
| VONCILLE O. STUKES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RICHARD GOTTLIEB, )<br>JUDY FERGUSON, ROSEMARY )<br>MELVILLE, and MICHAEL )<br>CHERTOFF, Secretary, United )<br>States Department of Homeland )<br>Security, )<br>)<br>Defendants. )<br>) | **MEMORANDUM AND RECOMMENDATION**<br>**AND ORDER** |

**THIS MATTER** is before the Court on the "Defendants' Motion to Dismiss" (document #6) and "Brief ... in Support ..." (document #7), both filed September 5, 2006. The pro se Plaintiff has not filed a responsive brief, and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendants' Motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2006, the Plaintiff, Voncille O. Stukes, filed her pro se Complaint, alleging a claim under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000(e) ("Title VII"), and the

Americans with Disabilities Act, 42 U.S.C. §12112, et seq. ("the Act"), against the Defendants Michael Chertoff, acting Secretary of the United States Department of Homeland Security, Richard Gottlieb, Officer-in-Charge, Judy T. Ferguson, Plaintiff's Supervisor Immigration Officer, and Rosemary L. Melville, District Director of Immigration.

The Plaintiff contends that on March 17, 2005, the Defendants terminated her employment as an Immigration Status Verifier with the United States Department of Homeland Security, Citizenship and Immigration Services Division, based on her race (African-American) and disability ("back pains") and in retaliation for complaining about discrimination. The Plaintiff seeks $300,000 in compensatory and punitive damages as well as equitable relief.

On March 18, 2005, the Plaintiff appealed her termination administratively to the Merit System Protection Board ("MSPB").

The Plaintiff was granted a hearing before an Administrative Judge of the MSPB, and on July 22, 2005, that judge issued a written Initial Decision upholding the Plaintiff's termination and rejecting her claims of race and disability discrimination, and retaliation. The Initial Decision allowed the Plaintiff the option of appealing that decision to the full MSPB by filing a petition for review before August 26, 2005.

On or about July 29, 2005, Plaintiff filed an appeal with the full MSPB challenging the Initial Decision.

On November 17, 2005, the MSPB issued a Final Order which denied the petition for review and upheld the Initial Decision of the Administrative Judge. This Final Order also informed the Plaintiff of her options to appeal this Order, by either (1) filing an appropriate action in United States District Court no later than thirty days after receipt of the decision by her or her attorney; (2) filing

a petition for review with the United States Equal Employment Opportunity Commission ("EEOC") within the same 30-day period; or (3) appealing to the United States Court of Appeals for the Federal Circuit within sixty days.

Attached to its briefs, the Defendant submitted a certified mail return receipt showing that the Plaintiff's attorney received the MSPB Final Order on November 21, 2005.

On June 5, 2006, over five months after the appeal deadline had expired, Plaintiff filed an appeal to the EEOC.

On July 14, 2006, the EEOC issued a Denial of Consideration of the Plaintiff's appeal due to untimeliness.[1]

As noted above, the Plaintiff has not responded to the Defendants' Motion to Dismiss which is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to

---

[1] The EEOC's "Denial of Consideration" found that the MSPB properly advised the Plaintiff of the appeal process and concluded that she had not established a basis for an extension of applicable time limits; EEOC also advised the petitioner that she shall at all times be responsible for her proceeding. Accord Rowe v. Merit Systems Protection Board, 802 F.2d 434, 437 (Fed. Cir. 1986) (claimant is bound by the consequences of her representative's conduct, including both acts and omissions).

a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). See also Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

In considering a Rule 12(b)(6) motion, a complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

It is well settled that the time limit for filing this lawsuit or an EEOC claim is "statutory, mandatory, and jurisdictional." Monzo v. Dept. of Transportation, F.A.A. , 735 F.2d 1335, 1336 (Fed. Cir. 1984). Accord Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) (where lawsuit appealing an administrative process was required to be filed within 30 days of receipt of

notice, time began to run when attorney received notice); and McGinty v. United States Department of the Army, 900 F.2d 1114, 1117 (7th Cir. 1990) (dismissal of agency complaint for failure to comply with administrative time limit bars suit in federal court).

It is equally clear that the Plaintiff's filing of a late petition with the EEOC did not toll the applicable time limitation or otherwise resurrect her right to file a lawsuit in this Court. See, e.g., Lohf v. Runyon, 999 F. Supp. 1430, 1437 (D. Kan. 1998), aff'd, 176 F.3d 488 (10th Cir. 1999) ("an untimely administrative claim does not toll the time for bringing an action in court"); and McGinty, 900 F.2d at 1171 (dismissal of agency complaint for failure to comply with administrative time limit bars suit in federal court).

In this case, even taking the limited allegations of the Complaint as entirely true and construing every possible inference in the Plaintiff's favor, her claims against these Defendants are time barred. As noted above, both the Plaintiff's EEOC claim and this action were filed more than five months late, and there has been no basis even asserted for excusing their untimeliness.

Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted.

### III. RECOMMENDATION

FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that** Defendants'"Motion to Dismiss" (document #6) be **GRANTED,** and the Complaint **DISMISSED WITH PREJUDICE.**

## IV. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to <u>de novo</u> review by the district court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the <u>pro se</u> Plaintiff; to counsel for the Defendants; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: October 2, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge