**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:06cv316**

| | | |
|---|---|---|
| **VONCILLE O. STUKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **MICHAEL CHERTOFF, Secretary,** | ) | |
| **United States Department of** | ) | |
| **Homeland Security, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Magistrate Judge's

Memorandum and Recommendation [Doc. 9], filed on October 2, 2006; the

Plaintiff's Objection to the Magistrate Judge's Memorandum and

Recommendation [Doc. 10], filed on October 11, 2006; the Defendants'

Motion to Dismiss Amended Complaint [Doc. 13], filed on August 3, 2007;

the Plaintiff's Motion to Proceed With Initial Attorney's Conference [Doc.

19], filed on September 24, 2007; and the Plaintiff's Motion to Request

Implementation of the Doctrine of Equitable Tolling [Doc. 21], filed on

October 9, 2007.

## I. The Magistrate Judge's Memorandum and Recommendation

The Plaintiff, proceeding *pro se*, filed the present action on August 2, 2006, against the Defendants Michael Chertoff, Secretary of the United States Department of Homeland Security ("DHS"); Richard H. Gottlieb, DHS Officer-in-Charge; Judy T. Ferguson, DHS Supervisor Immigration Officer; and Rosemary L. Melville, DHS District Director of Immigration (collectively "Defendants"). Specifically, the Plaintiff contends that on March 16, 2005, the Defendants terminated her employment as an Immigration Status Verifier based on her race (African-American) and disability ("back pains"), and in retaliation for complaining about discrimination. The Plaintiff seeks $300,000.00 in compensatory and punitive damages, as well as equitable relief.

On March 18, 2005, the Plaintiff appealed her termination to the Merit System Protection Board ("MSPB"). In her appeal, she designated attorney Humphrey S. Cummings as her representative. The Plaintiff was granted a hearing before an Administrative Judge. On July 22, 2005, the Administrative Judge issued a written Initial Decision upholding the Plaintiff's termination and rejecting her claims of race and disability discrimination and retaliation.

The Plaintiff timely appealed the Initial Decision to the full MSPB. On November 17, 2005, the MSPB issued a Final Order, which denied the Plaintiff's Petition for Review and upheld the Initial Decision of the Administrative Judge. This Final Order advises the Plaintiff that she may appeal the Order by either: (1) filing a petition for review with the United States Equal Employment Opportunity Commission ("EEOC") within thirty (30) days of receipt of the decision by her representative; (2) filing an appropriate action in the United States District Court within thirty (30) days of receipt of the decision by her representative; or (3) appealing to the United States Court of Appeals for the Federal Circuit within sixty (60) days of receipt of the decision by her representative.

The Plaintiff filed an appeal to the EEOC on June 5, 2006, over five months after the appeals deadline had expired. In her appeal, the Plaintiff asserted that she did not receive a copy of the MSPB's decision prior to requesting a copy on May 21, 2006, when she checked the MSPB website and saw that the status of her case was "closed." The Plaintiff further asserted that she had contacted her attorney representative, who informed her that he had no knowledge of the Final Decision being issued.

On July 14, 2006, the EEOC issued a Denial of Consideration of the Plaintiff's appeal, finding that the Plaintiff had not offered adequate justification for an extension of the applicable time limits for filing her petition for review. The Plaintiff thereafter filed this civil action.

The Defendants filed a motion to dismiss the Plaintiff's Complaint on September 5, 2006, arguing that the Plaintiff's Complaint was time barred because the Plaintiff failed to timely appeal from the Final Order of the MSPB. In support of this argument, the Defendants submitted a copy of the Certified Mail Return Receipt, indicating that a copy of the MSPB Final Order was mailed and received by the Plaintiff's representative's office on November 21, 2005. Because the Plaintiff's representative received timely notice of the MSPB's decision, the Defendants argued that the Plaintiff's appeal to the EEOC, which was filed over six months after such notice was received, was not timely.

Additionally, the Defendants argued that the Complaint failed to state a claim for disability discrimination because the Plaintiff failed to cite any statute under which she could pursue a claim for disability discrimination, and that the Complaint further failed to state a claim for relief under 42 U.S.C. § 1981. Finally, the Defendants argued that the Complaint failed to

state a claim against Defendants Gottlieb, Ferguson, and Melville, as the only appropriate defendant in this case would be the head of the Plaintiff's employing department. [Doc. 7].

The Plaintiff failed to respond to the Defendants' motion. On October 2, 2006, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 9] containing proposed findings of fact and conclusions of law in support of a recommendation regarding the Defendants' Motion to Dismiss. Specifically, the Magistrate Judge found that the Plaintiff's failure to file a timely appeal of the MSPB Final Order with the EEOC did not toll the applicable time limitation or otherwise resurrect her right to file a lawsuit in this Court. Concluding that the Plaintiff's claims are time barred, the Magistrate Judge recommended that the Defendants' motion to dismiss be granted on this ground and did not address the other grounds for dismissal raised by the Defendants. The parties were advised that any objections to the Magistrate Judge's findings were to be filed in writing within 14 days of service of the Recommendation. [Doc. 9].

The Plaintiff filed timely objections to the Memorandum and Report. [Doc. 10]. In her Objections, the Plaintiff argues that the Magistrate Judge erred in concluding that she exceeded the time limit for filing this lawsuit or

her EEOC appeal of the MSPB Final Order. Specifically, the Plaintiff argues that both she and her representative denied receiving a copy of the MSPB Final Order on the date indicated on the Certified Mail Return Receipt. The Plaintiff further argues that she should have received an electronic copy of the Final Order, but that the MSPB failed to transmit the Final Order to her electronically. The Plaintiff argues that the Certified Mail Return Receipt "appears to be annotated by the same person and possibly could have been obtained by mailing any letter, statement, document or even a blank sheet of paper to her representative's office." The Plaintiff contends that the actions of DHS officials as set forth in her civil complaint demonstrate that these officials are "willing and capable of conspiring against the Plaintiff to prevent her for pursuing this matter further." [Doc. 10].

In a separate motion filed on October 9, 2007, nearly a year after the Objections to the Memorandum and Recommendation were filed, the Plaintiff requests that the doctrine of equitable tolling be applied in this case due to the "affirmative misconduct by the agency's officials," which she alleges "caused her to miss the filing deadline" for her EEOC appeal. [Doc. 21].

The Defendants oppose the Plaintiff's Objections. First, the Defendants argue that the Plaintiff's Objections should be overruled on the grounds that she never contested the motion and that she failed to prosecute her case in a timely manner. Second, the Defendants contend that the Plaintiff's Objections do not rebut the fact that a copy of the MSPB Final Order was mailed to the Plaintiff's attorney and received on November 21, 2005, and that the Plaintiff failed to timely file an appeal as required by law. [Doc. 11]. The Defendants further oppose the Plaintiff's request for the application of the doctrine of equitable tolling, arguing that this motion should be regarded simply as an untimely supplemental brief in support of the Plaintiff's Objections. In any event, the Defendants argue, equitable tolling is not applicable in this case. [Doc. 22].

Section 636(b)(1)(C) of Title 28 of the United States Code provides that when objections are filed to a Magistrate Judge's proposed findings or recommendations, the District Court must conduct a *de novo* review of the specific findings or recommendations to which the objections are made. 28 U.S.C. § 636(b)(1)(C). Further, section 636(b)(1)(C) authorizes District Courts to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law, and based thereon, the Court accepts and adopts the Magistrate Judge's findings and conclusions.

A federal employee who seeks to appeal a final decision of the MSPB may either: (1) file an appeal with the EEOC within 30 days of receipt of the decision, 5 U.S.C. § 7702(b)(1); (2) file a civil action in the appropriate United States District Court within 30 days of the decision, 5 U.S.C. § 7703(b)(2); or (3) file an appeal with the United States Court of Appeals for the Federal Circuit within sixty (60) days after receiving notice of the decision, 5 U.S.C. § 7703(b)(1).  The Plaintiff failed to pursue any of these options within the required time limits.

The MSPB's Final Order was sent by certified mail to the Plaintiff's representative, and as evidenced by the Certified Mail Return Receipt, his office received the Final Order on November 21, 2005.  The Plaintiff's sheer speculation notwithstanding, there is nothing in the record to suggest that this Certified Mail Return Receipt was somehow forged or that the

MSPB mailed something other than a copy of its Final Order to the Plaintiff's representative.

When a claimant designates an attorney as her representative, the time frame for receipt of materials is computed from the time of receipt by the attorney. 29 C.F.R. § 1614.605(d). The Supreme Court has made clear that "notice to an attorney's office which is acknowledged by a representative of that office qualifies as notice to the client." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 93 (1990); see also Rowe v. Merit Systems Protection Bd., 802 F.2d 434, 437 (Fed. Cir. 1986) ("It is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions."). Accordingly, the Plaintiff is deemed to have received notice of the MSPB's decision as of November 21, 2005, and therefore, her appeal to the EEOC was untimely.

While acknowledging that her EEOC appeal was not timely filed, the Plaintiff urges the Court to apply equitable tolling principles in this case because she claims that she did not receive a copy of the Final Order until May, 2006. She further asserts that her representative also denies receiving a copy of the Final Order prior to May, 2006, although there is no

sworn statement to that effect in the record. The Plaintiff argues that the delay in receiving the Final Order was the result of "affirmative misconduct" by DHS agents, and therefore, equitable tolling principles should apply.

First, the Court notes that the Plaintiff's "motion" requesting the application of equitable tolling was filed nearly a year after her Objections were made to the Memorandum and Recommendation and therefore is untimely. In any event, the Court does not find the doctrine of equitable tolling to be applicable in this case. The Plaintiff has offered no evidence to suggest that the Final Order was not in fact mailed and received by her representative on November 21, 2005; the Plaintiff offers only speculation that the Defendants actively prevented her from receiving notice of the MSPB decision prior to May, 2006. There is no evidence in the record to indicate that the Plaintiff was prevented from personally monitoring her appeal. The Plaintiff could have checked the MSPB website at any point prior to May, 2006 to monitor the progress of her appeal, but she failed to do so. See Rowe, 802 F.2d at 438 (finding petitioner "had a personal duty to monitor the progress of his appeal at all times and not leave it entirely to his attorney"). Under these circumstances, the principles of equitable tolling do not apply. See Irwin, 498 U.S. at 96 ("the principles of equitable

tolling . . . do not extend to what is at best a garden variety claim of excusable neglect").

Because the Plaintiff failed to appeal timely the decision of the MSPB, her civil action is also time barred. See McGinty v. United States Dep't of the Army, 900 F.2d 1114, 1118 (7th Cir. 1990) (holding that untimely administrative appeal barred subsequent federal suit); Lohf v. Runyon, 999 F. Supp. 1430, 1437 (D. Kan. 1998) ("An untimely administrative claim does not toll the time for bringing an action in court.").

For these reasons, the Plaintiff's Objections [Doc. 10] are **OVERRULED**, and the Court hereby **ACCEPTS** the Magistrate Judge's Recommendation [Doc. 9] that the Defendant's Motion to Dismiss [Doc. 6] be granted and that the Plaintiff's Complaint [Doc. 1] be dismissed as untimely. Furthermore, the Court finds that the Plaintiff's Motion to Request Implementation of the Doctrine of Equitable Tolling [Doc. 21] should be **DENIED**.

## II. Defendants' Motion to Dismiss Amended Complaint

Although normally the granting of a motion to dismiss would result in the termination of a civil action, an unusual set of circumstances is

presented in this case.  While the Magistrate Judge's Memorandum and Recommendation was pending with respect to the Plaintiff's claim that she was wrongfully terminated, another administrative appeals process was ongoing with respect to claims of discrimination and harassment that the Plaintiff had alleged prior to her termination.  In July, 2007, this second administrative process came to a close with the EEOC's denial of her appeal of DHS's Final Decision on these claims.  Upon receiving the EEOC's decision, the Plaintiff, without seeking leave of Court, filed an "Amended Complaint" in this litigation to add these discrimination and harassment claims to her present civil action.

The Defendants immediately filed a motion to dismiss, arguing that the Amended Complaint reasserts claims presented in the original Complaint which is the subject of the Defendants' pending motion to dismiss.  The Defendants characterize this second administrative appeal as an attempt by the Plaintiff to "reopen some or all of the administrative case which underlies the allegation of the original  Complaint filed in this action."  [Doc. 14].

In order to address the Defendants' motion to dismiss the Amended Complaint, it is necessary to examine the history of the Plaintiff's

administrative claims. In so doing, the Court relies upon the numerous documents submitted in support of the Plaintiff's Complaint and Amended Complaint.

On March 11, 2004, the Plaintiff filed an EEO Complaint [Doc. 1, Ex. E-5] with her agency's Office of Equal Employment Opportunity, alleging that she was being subjected to harassment and discrimination in her workplace on the basis of her race and disability, and in reprisal for prior EEO activity. The Plaintiff subsequent filed amendments to her complaint on March 24, 2004, May 27, 2004, and July 13, 2004. The Plaintiff made the following allegations in her EEO complaint, as amended:

> (1) Since approximately June, 2003, she had been treated in a disparate manner in that her time and attendance had been unduly scrutinized, her leave requests were denied, she was assigned extra duties without compensation or recognition, she was the only employee with an office without a window, and that she was advised to keep her door and blinds open at all times;
>
> (2) On January 27, 2004, a management official averred that he supported or would support disciplinary action against her for insubordination;
>
> (3) On February 24, 2004, she was charged as being Absent without Leave for the dates of February 18, 2004 to February 20, 2004;
>
> (4) On March 23, 2004, she was issued a proposed disciplinary action for misconduct and unauthorized absences.

Subsequently, effective April 22, 2004, she was suspended from duty without pay for a period of two days;

(5) On April 19, 2004, she was required or requested to reproduce her response to the March 23, 2004 disciplinary action despite the fact that she had previously submitted said response to the District Office;

(6) On April 19, 2004, she was treated in a disparate manner when her supervisor instructed her to remain in her office and refrain from going to other sections of the office;

(7) On April 21, 2004, her supervisor treated her in a disrespectful manner when she repeatedly instructed the Plaintiff to work on a specific set of files, and admonished her in front of a co-worker regarding the same matter;

(8) As of April 2004, due to the Plaintiff's assigned mail room duties, she was unable to, or not allowed to, perform the core responsibilities of her position as a Status Verifier. The Plaintiff alleges that she alone was detailed to the mail room for prolonged periods of time;

(9) On April 26, 2004, her supervisor declined to sign or otherwise address her overtime request;

(10) On April 29, 2004, her supervisor requested her to correct data entry mistakes that were made by another employee. In addition, the Plaintiff was advised that she was being transferred or reassigned new office space in the mail room;

(11) On April 7, 2004, she was placed on administrative leave with pay for allegedly making threatening remarks to her supervisor;

(12) On May 3, 2004, she was served with a proposal to suspend her from duty without pay for a period of fourteen (14) days for disrespectful conduct. By a letter dated July 8, 2004,

the Plaintiff was suspended from duty without pay for a period of fourteen (14) days effective July 11, 2004, through July 24, 2004;

(13) On May 18, 2004, she received an unduly low annual performance rating for the rating period April 1, 2003 to March 31, 2004, that contained inaccurate comments and did not reflect or take into consideration her additionally assigned duties throughout the rating period; and

(14) On May 26, 2004, she was instructed to work alone with her first-line supervisor in the mail room despite the fact that the supervisor previously accused the Plaintiff of threatening her with bodily harm.

[Doc. 1, Ex. E-1 through E-3].

While these claims were under investigation, the Plaintiff received a Proposal for Removal from DHS on February 14, 2005. Consequently, on March 7, 2005, the EEOC Administrative Judge assigned to the Plaintiff's case entered an Order Dismissing Hearing [Doc. 1, Ex. C], dismissing the EEOC hearing on the Plaintiff's claims on the grounds that the Plaintiff's claim was now a "mixed case complaint."[1] Finding that the Plaintiff's "mixed

---

[1] A "mixed case complaint" is defined as "a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to" the MSPB. 29 C.F.R. § 1614.302(a)(1). The MSPB has jurisdiction over "mixed claims," that is, claims that an employee was discriminated against by removal, reduction in grade or pay, or suspension for more than fourteen (14) days. See 5 C.F.R. § 1201.3. Hence, the MSPB does not have jurisdiction over discrimination claims involving suspension of fourteen (14) days or less or other acts of discrimination or harassment not resulting in the employee's removal or a reduction in grade or pay.

case" should have originated in the Merit Systems Protection Board ("MSPB"), and that the EEOC lacked jurisdiction in the matter. The Administrative Judge further advised that if the Plaintiff elected to pursue the EEOC forum, DHS was required to issue a Final Agency Decision and advise the Plaintiff of her right to file with the MSPB. Accordingly, the Administrative Judge remanded the matter to DHS for its Final Agency Decision.

Meanwhile, the Plaintiff filed her appeal with the MSPB on the issue of her removal from service. Notably, the Administrative Judge's Initial Decision and the full MSPB's Final Order address only the Plaintiff's removal claim and do not address the "non-mixed" claims raised by the Plaintiff in her original EEO charge, such as the two-day and fourteen-day suspensions and other acts of alleged discrimination and harassment.[2]

Shortly after the MSPB issued its Final Decision, on November 30, 2005, the EEOC Administrative Judge assigned to hear the Plaintiff's EEO complaint entered an Order dismissing the request for a hearing on the Plaintiff's claims, noting that the MSPB had accepted jurisdiction of the Plaintiff's mixed case and had found that the Plaintiff was not discriminated

---

[2]Nor does it appear that the MSPB would have jurisdiction to hear such claims. See 5 C.F.R. § 1201.3.

against on the bases of race, retaliation or disability. Accordingly, the Administrative Judge dismissed the matter and returned it to the Plaintiff and DHS "for a possible appeal to the [EEOC] from the Final Decision of the MSPB." [Doc. 12, Ex. M-19].

Despite the Administrative Judge's apparent determination that the MSPB had accepted jurisdiction of the all of the Plaintiff's mixed case, including both her mixed and non-mixed claims, the Plaintiff's non-mixed claims continued through the administrative process. On December 7, 2005, the Plaintiff's file was forwarded to DHS for a Final Agency Decision. [Doc. 12, Ex. J]. On February 23, 2006, DHS ordered a supplemental investigation regarding one of the Plaintiff's discrimination claims, specifically, the October 18, 2004 incident where the Plaintiff alleges that her keys and identification card were confiscated and she was escorted from the premises by security. [Doc. 12, Ex. M-16]. On April 27, 2006, a supplemental Report of Investigation was issued regarding this allegation. [Doc. 12, Ex. M-2]. On February 28, 2007, DHS issued a Final Agency Decision [Doc. 12, Ex. H] regarding the Plaintiff's EEO complaint. Finding that the allegations made in the Plaintiff's EEO complaint were "squarely encompassed" by the allegations set forth in her August 2, 2006 Complaint

filed with this Court, DHS dismissed the Plaintiff's EEO complaint pursuant to 29 C.F.R. § 1614.107(a)(3).[3]

On March 8, 2007, the Plaintiff appealed the DHS Final Decision to the EEOC. [Doc. 12 Ex. K]. On June 14, 2007, the EEOC entered a Dismissal of Appeal, noting that the harassment claims raised in the Plaintiff's Complaint filed with this Court "are the same as those raised in the instant complaint." [Doc. 12 Ex. C]. The Plaintiff requested reconsideration of the Dismissal of Appeal, which was denied on July 20, 2007. [Doc. 12 Ex. A]. The EEOC's Denial advises the Plaintiff that she has a right to file a civil action within ninety (90) days from the date that she receives the decision. The Plaintiff filed her Amended Complaint with this Court within the 90-day time period.

In their Motion to Dismiss, the Defendants argue that the Amended Complaint merely reasserts claims that were set out in the original Complaint, and because the Plaintiff's original Complaint has been dismissed, the Amended Complaint should be dismissed as well. In

_____

[3]That regulation provides that the EEOC shall dismiss a complaint "[t]hat is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint . . . ." 29 C.F.R. § 1614.107(a)(3).

response[4] to the Defendants' Motion, the Plaintiff argues that she did not assert these non-mixed claims in her original Complaint, and that DHS and EEOC failed to properly process her non-mixed claims. [Doc. 15].

In order to resolve this issue, the Court must determine whether, in fact, the Plaintiff's original Complaint can properly be said to state claims for the Plaintiff's non-mixed claims of discrimination and harassment which pre-dated her removal. In so doing, the Court is mindful that *pro se* pleadings should be construed liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Thompson v. Echols, 191 F.3d 448, 1999 WL 717280, at *1 (4th Cir. Sep. 15, 1999).

Upon carefully reviewing the Plaintiff's *pro se* Complaint, and mindful that such pleadings should be liberally construed, however inartfully pleaded, the Court finds that the Plaintiff did not attempt to assert her non-mixed claims in the original Complaint. The Plaintiff's original Complaint is handwritten on a form provided by the Clerk of Court for this District specifically for *pro se* litigants asserting employment discrimination claims. Under the heading "Nature of Case," the Plaintiff states in the Complaint

---

[4]The Plaintiff incorrectly styles her response as a "Motion to Deny Defendants' Motion to Dismiss Amended Complaint." The Court will not treat this pleading as a motion, but rather as a response to the Defendant's motion.

19

that the "discriminatory acts" of which she complains occurred on February 14, 2005, when the proposal for her removal was made; March 16, 2005, when the removal took effect; and June 7, 2005, the date of her hearing before the MSPB on the issue of her removal. None of the discriminatory acts alleged in her non-mixed claims are listed under this section.

The Plaintiff further states in the "Nature of Case" section that she filed charges with the Equal Employment Opportunity Commission ("EEOC") regarding the "defendant's discriminatory conduct" on or about "January 17, 2004 (Intake Counselor)" and "January 22, 2004 (EEO Counselor)," the dates when she reported her non-mixed claims. While DHS relied on this allegation in finding that the Complaint encompasses her non-mixed claims, the Court interprets this allegation differently. The Plaintiff's removal occurred while her non-mixed claims were being processed. Under the Plaintiff's theory, her removal was a culmination of the discrimination and harassment of which she had previously complained. Accordingly, it was only logical for the Plaintiff to use the date of her first EEO complaint as the date that she reported her claim of discrimination arising from her removal. Thus, the Court does not interpret

the Plaintiff's reference to these reporting dates as an effort by the Plaintiff to include her non-mixed claims in her Complaint.

Under the heading "Cause of Action," the Plaintiff alleges that she was discriminated against on the basis of "disability" and "reprisal." Specifically with respect to her claim of disability, she alleges that DHS officials were dishonest in their testimony before the MSPB regarding the Plaintiff's complaints of back pains. With respect to her claim of reprisal, the Plaintiff alleges that she received a proposal of removal and was removed from her position as an Immigration Status Verifier after agency officials were "informed of [her] EEO activities." Again, these allegations relate only to the Plaintiff's removal and not to her non-mixed claims.

The only other possible reference to the Plaintiff's non-mixed claims is in paragraph 5 of the "Cause of Action" section, in which the Plaintiff responded as follows:

> 5.    The discriminatory acts that are the basis of this suit are:
>      a._____    Failure to employ me.
>      b._____    Failure to promote me.
>      c.\_\_\_x\_\_\_    Termination of my employment.
>      d._____    Demotion.
>      e._____    Denied equal pay/work.
>      f. _____    Sexual harassment.
>      g._____    General harassment.
>      h._____    Other acts (Be specific: Attach an additional
>               sheet if necessary)

CHANGE IN JOB DESCRIPTION – REASSIGNMENT
REPRISAL, DISABILITY
HOSTILE WORK ENVIRONMENT AND HARASSMENT

[Id. at 3]. This pleading is, at best, ambiguous. The Plaintiff clearly

selected only one option, "Termination of my employment," and did not

mark "Other acts." However, she proceeded to list in the most general

terms other actions which arguably could encompass her non-mixed

claims. There are no factual allegations made in the Complaint regarding

these discriminatory acts, however. Therefore, construing the Complaint

liberally, the Court concludes that the Plaintiff did not assert her non-mixed

claims as part of the discriminatory acts forming the basis of her lawsuit.

Having found that the Plaintiff did not assert her non-mixed claims in

the Complaint, the Court finds that the dismissal of the Plaintiff's EEO

complaint pursuant to 29 C.F.R. § 1614.107(a)(3) was in error, and that the

Plaintiff has properly exhausted her administrative remedies with respect to

these non-mixed claims. Accordingly, the Court finds that dismissal of the

Plaintiff's Amended Complaint, to the extent that it asserts these non-

mixed claims, would be unwarranted. For these reasons, the Court will

**DENY** the Defendants' Motion to Dismiss Amended Complaint with respect

to the Plaintiff's claims of demotion (arising from her two-day and fourteen-

day suspensions without pay); her claim of general harassment (described as "a pattern of continuous harassment"; and her claims of "undesirable reassignment, work assignments, threats, intimidation, reprisal, disability, hostile work environment, unjustified negative evaluation, [and] significant change in employment status."

The Plaintiff's Amended Complaint, however, is not without its deficiencies. The Court finds that several of the arguments raised by the Defendants in their first Motion to Dismiss are equally applicable to the Plaintiff's Amended Complaint. For example, the Defendants are correct that the Plaintiff's Amended Complaint fails to state a claim for which relief can be granted under 42 U.S.C. § 1981 because that statute has no application to federal employees. See Brown v. General Services Administration, 425 U.S. 820, 825 (1976); Murphy v. West, 172 F.3d 863, 1999 WL 64284, at *2 n.2 (4th Cir. Feb. 11, 1999). Accordingly, to the extent that the Plaintiff's Amended Complaint could be construed as attempting to assert a claim under 42 U.S.C. § 1981, this claim must be dismissed.

Further, to the extent that the Plaintiff seeks to sue her federal employer for discrimination in employment, the only appropriate defendant

is the head of the department.  <u>See</u> 42 U.S.C. § 2000e16(c); <u>Gardner v. Gartman</u>, 880 F.2d 797, 799 (4th Cir. 1989).  Accordingly, the individual Defendants named in the Plaintiff's Amended Complaint, Richard H. Gottlieb, Judy T. Ferguson, and/or Rosemary L. Melville, must be dismissed.

The Defendants further argue that the Plaintiff fails to state a claim for disability discrimination because she fails to cite the proper statute for such a claim.  Construing the Plaintiff's *pro se* allegations liberally, the Court does not find this deficiency to be fatal to the Plaintiff's claim, as the Amended Complaint provides sufficient notice to the Defendants that the Plaintiff is a federal employee alleging disability discrimination. Accordingly, the Court finds that the Plaintiff has adequately stated a claim under the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*

For the foregoing reasons, the Defendants' Motion to Dismiss Amended Complaint [Doc. 13] is **GRANTED IN PART** and **DENIED IN PART**.

### III.    Motion to Proceed With Initial Attorneys' Conference

While the Memorandum and Recommendation was pending, the Magistrate Judge ordered that the Initial Attorneys' Conference that was scheduled for August 14, 2007 be stayed until further Order of the Court. [Doc. 18].  On September 24, 2007, the Plaintiff filed a motion seeking to proceed with the Initial Attorneys' Conference. [Doc. 19].   The Defendants oppose the Plaintiff's motion, arguing that the stay should remain in place until the pending dispositive motions are ruled upon.  [Doc. 20].

Now that the pending dispositive motions have been ruled upon, the Court finds that this case should proceed forward.  Accordingly, the Plaintiff's Motion to Proceed With Initial Attorneys' Conference [Doc. 19] is **GRANTED**.  The parties shall conduct an Initial Attorneys' Conference within fifteen (15) days of this Order.  Thereafter, the parties shall have five (5) days to file a Certificate of Initial Attorneys' Conference with the Court.

### IV.    Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Plaintiff's Objections [Doc. 10] to the Magistrate Judge's Memorandum and Recommendation are **OVERRULED**, and the Court hereby **ACCEPTS** the

Magistrate Judge's Recommendation [Doc. 10] that the Defendant's Motion to Dismiss [Doc. 6] be granted and that the Plaintiff's Complaint [Doc. 1] be dismissed as untimely.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 6] is **GRANTED**, and the claims asserted in the Plaintiff's Complaint [Doc. 1] are hereby **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Request Implementation of the Doctrine of Equitable Tolling [Doc. 21] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss Amended Complaint [Doc. 13] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendants' Motion is **DENIED** with respect to the Plaintiff's claims of demotion (arising from her two-day and fourteen-day suspensions without pay); her claim of general harassment (described as "a pattern of continuous harassment"; and her claims of "undesirable reassignment, work assignments, threats, intimidation, reprisal, disability, hostile work environment, unjustified negative evaluation, [and] significant change in employment status." The Defendants' Motion is **GRANTED** with respect to the Plaintiff's claim under 42 U.S.C. § 1981 and the Plaintiff's

claims against Richard H. Gottlieb, Judy T. Ferguson, and Rosemary L. Melville, individually.

Accordingly, **IT IS FURTHER ORDERED** the caption of this matter is hereby **AMENDED** to reflect that the only remaining defendant is Michael Chertoff, Secretary, United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Proceed With Initial Attorney's Conference [Doc. 19] is **GRANTED**. The parties shall conduct an Initial Attorneys' Conference within fifteen (15) days of this Order. Thereafter, the parties shall have five (5) days to file a Certificate of Initial Attorneys' Conference with the Court.

**IT IS SO ORDERED.**

Signed: October 29, 2007

Martin Reidinger
United States District Judge