# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV316-R

| | |
|---|---|
| VONCILLE O. STUKES,                )<br>                                                      )<br>            Plaintiff,                     )<br>                                                      )<br>     vs.                                          )<br>                                                      )           **ORDER**<br>MICHAEL CHERTOFF,             )<br>Secretary, United States             )<br>Department of Homeland       )<br>Security,                                      )<br>                                                      )<br>            Defendant.                  )<br>                                                      ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion to Compel Discovery Responses and Sanctions" (document #34) filed January 8, 2008; and the Defendant's "Response ..." (document #35) filed January 10, 2008.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On January 15, 2008, the undersigned conducted the Initial Pretrial Conference ("IPC") in chambers with the Plaintiff and defense counsel. Following a discussion of the issues raised in the subject Motion during the IPC, and having fully considered the arguments, the record, and the applicable authority, the Court will grant in part and deny in part the Plaintiff's Motion.

For a more detailed statement of the alleged facts and procedural history, see the "Order" entered on October 29, 2007 by the Honorable Martin K. Reidinger. Document #23 (affirming "Memorandum and Recommendation" (document #9), granting Defendant's "Motion to Dismiss" (document #6), dismissing all claims asserted in Complaint (document #1), and granting in part and denying in part Defendant's "Motion to Dismiss Amended Complaint" (document #13)).

As the undersigned noted during the IPC, the Plaintiff failed to comply with Paragraph III. F. of the "Pretrial Order and Case Management Plan" (document #27), which requires that prior to filing a Motion to Compel, the moving party must attempt "in good faith" to resolve the discovery dispute matter informally with opposing counsel. The Plaintiff appeared to understand this requirement, with which she assured the Court she would comply prior to filing any future motions.

As the Defendant argues, the Plaintiff raises only one substantive discovery issue in the subject Motion, namely, whether she is entitled to discovery of the Defendant's employment policies governing "non-bargaining unit" employees. Although the Plaintiff concedes that she was a "bargaining unit" employee, defense counsel (Assistant U.S. Attorney Paul B. Taylor) has stated that he has copies of the subject documents in his possession and is willing to produce them. Accordingly, the Plaintiff's Motion will be granted as to production of the Defendant's employment policies governing non-bargaining unit employees.

Regarding the remainder of the relief requested by the Plaintiff, it appears to the Court at this time that the Defendant has adequately complied with his obligations to make Rule 26 Initial Disclosures and to respond to the Plaintiff's written discovery requests. Specifically, the Court finds – as the pro se Plaintiff was also advised at the IPC – that reference to documents which have been produced and/or to answers to other interrogatories is an adequate response and that the pro se Plaintiff's disagreement with the substance of the Defendant's responses does not constitute a factual basis for a meritorious Motion to Compel as a matter of law.

For these reasons, and for the further reasons set forth in the Defendant's "Response ..." (document #35), except as granted, the Plaintiff's "Motion to Compel Discovery Responses and Sanctions" (document #34) will be denied.

**NOW THEREFORE, IT IS ORDERED:**

1. The Plaintiff's "Motion to Compel Discovery Responses and Sanctions" (document #34) is **GRANTED IN PART** and **DENIED IN PART**, that is, <u>on or before February 15, 2008, the Defendant shall produce the subject employment policies for non-bargaining unit employees</u>; and the Plaintiff's Motion to Compel is **DENIED** in all other respects.

2. The Clerk is directed to send copies of this Order to the <u>pro se</u> Plaintiff, Voncille O. Stukes, at 3523 Clardy Court, Charlotte, NC 28202; to counsel for the Government (Paul B. Taylor); <u>and to the Honorable Martin K. Reidinger</u>.

**SO ORDERED**.

Signed: January 18, 2008

Carl Horn, III
United States Magistrate Judge